UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULY STEFANY CIFUENTES-GARCIA,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2207

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, she challenges the lawfulness of her current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to provide Petitioner with a bond hearing under § 1226. (Pet., ECF No. 1, PageID.12–13.)[1]

[1] Petitioner also filed a motion seeking expedited review of the case. (ECF No. 2.) Because this Opinion resolves Petitioner's action, Petitioner's pending motion asking the Court to expedite review of the case is moot.

In an order entered on August 3, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response on August 6, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2023. (Pet., ECF No. 1, PageID.5.) On June 30, 2026, ICE arrested Petitioner when she appeared for a check-in appointment at her local ICE office. (*Id.*, PageID.6.)

On May 15, 2026, the Immigration Court ordered Petitioner's removal from the United States *in absentia* after Petitioner failed to appear for her removal hearing. (Immigration Judge Order, ECF No. 6-3, PageID.101.) Petitioner had thirty days from the entry of the removal order to appeal to the Board of Immigration Appeals (BIA); however, no appeal was received for the case.[2] Petitioner filed a motion to reopen her removal proceedings and vacate the removal order, which remains pending. (Pet., ECF No. 1, PageID.5; Resp., ECF No. 6, PageID.88.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

---

[2] *See* Automated Case Information System, https://acis.eoir.justice.gov/en/caseInformation ("A-Number," enter "245395973," "Nationality," enter "Colombia") (last visited Aug. 17, 2026).

## IV. Analysis

As noted above, on May 15, 2026, the Immigration Court ordered that Petitioner be removed from the United States. (Immigration Judge Order, ECF No. 6-3, PageID.101.) Petitioner had thirty days from the entry of the removal order to appeal to the BIA; however, no appeal was received for the case.

Following the expiration of Petitioner's appeal period, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition.[3]

[3] If Petitioner's circumstances change, such as the Immigration Court granting Petitioner's pending motion to reopen her removal proceedings, Petitioner is free to file a *new* § 2241 petition challenging her detention.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: August 20, 2026

/s/ Robert J. Jonker/
Robert J. Jonker
United States District Judge